

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 03 2025

KEVIN P WEIMER, Clerk
By: Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**JUGDAW DEEPNARAIN,**
Plaintiff,

v.

**GWINNETT COUNTY PUBLIC SCHOOLS,**
Defendant.

Civil Action No. _____

**1 : 25 -CV- 3093**

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION
(JURY TRIAL DEMANDED)

## I. JURISDICTION AND VENUE

1. This is an action for employment discrimination and retaliation under **Title VII of the Civil Rights Act of 1964,** 42 U.S.C. § 2000e et seq.
2. Jurisdiction is proper in this court under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000e-5(f)(3).
3. Venue is proper in this judicial district because the unlawful employment practices occurred in Gwinnett County, Georgia, which is within the Northern District of Georgia.

## II. PARTIES

4. Plaintiff, **Jugdaw Deepnarain**, is a resident of Newton County, Georgia, and at all relevant times was employed by Gwinnett County Public Schools.
5. Defendant, **Gwinnett County Public Schools**, is a public school district headquartered in Gwinnett County, Georgia, and is an employer within the meaning of 42 U.S.C. § 2000e(b).

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a charge of discrimination and retaliation with the **Equal Employment Opportunity Commission** (EEOC), Charge Number **410-2024-06284**.
7. On or about **05/07/25**, Plaintiff received a **Notice of Right to Sue** from the EEOC. This complaint is filed within 90 days of receipt of that notice.

## IV. STATEMENT OF FACTS

8.  Plaintiff was employed by Gwinnett County Public Schools in a professional capacity during the relevant period.
9.  Plaintiff raised concerns internally regarding conduct he believed violated employment protections and created a hostile work environment.
10. In retaliation for engaging in protected activity, Plaintiff was subjected to adverse employment actions, including retaliation for filing discrimination complaint, disparate treatment and equal protection violations, retaliatory and pretextual justification for professional development plan (PDP), denial of equal opportunities for improvement, hostile work environment and constructive discharge, failure to adequately address discriminatory conduct, disproportional oversight, procedural and due process violations, negative evaluations, isolation, denied opportunities, punitive reassignment and harassment.
11. The plaintiff submitted multiple pieces of documentation and evidence during the EEOC process supporting his claims of retaliation, but no finding was made.
12. Despite internal investigations, no corrective action was taken, and Plaintiff continued to suffer professional and emotional harm because of retaliatory conduct.

## V. CLAIMS FOR RELIEF

### Count I – Retaliation (Title VII)

13. Plaintiff incorporates paragraphs 1–12 as if fully restated herein.
14. Defendant unlawfully retaliated against Plaintiff for engaging in protected activity, including reporting discriminatory or inappropriate conduct, in violation of Title VII.
15. As a direct and proximate result of this retaliation, Plaintiff suffered economic harm, loss of professional standing, emotional distress, and other damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Grant a trial by jury on all issues so triable;
B. Enter judgment in favor of Plaintiff and against Defendant;
C. Award compensatory damages for emotional distress, and reputational harm;
D. Award costs and any other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

**Respectfully submitted,**

Dated: _OC/02/25 ._

**/s/ Jugdaw Deepnarain**
Jugdaw Deepnarain
45 Berkshire Drive
Covington, GA 30016
Phone: 6786814384
Email: deepnarainsanjay@gmail.com
**Pro Se Plaintiff**



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/07/2025

**To:** Mr. Jugdaw Deepnarain
45 Berkshire Drive
Covington, GA 30016
Charge No: 410-2024-03886

EEOC Representative and email:    Serena Curry
Investigator
serena.curry@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 410-2024-06284.

On behalf of the Commission,

I. Daniel-
Edward Anance

Digitally signed by I. Daniel-
Edward Anance
Date: 2025.05.08 10:35:05
-04'00'

Darrell E. Graham
District Director